SIDNEY P. SMITH, plaintiff in error, *vs.* PRINTUP BOTHERS & COMPANY, defendants in error.

1. Where to an action against the acceptor of a bill of exchange, the defendant pleads in abatement pendency of former suit, in this that he was a member of the firm who were the drawers of such bill, and has been already sued on such draft with the other members of said firm, the plea was properly stricken on demurer, inasmuch as it did not set forth in what capacity defendant was sued in the first suit, whether as one of the drawers or as the acceptor.

2. For the same reason a plea in bar, to the effect that plaintiffs had obtained a verdict in said first suit for the full amount of said draft, etc., was properly stricken. There is no allegation that he had ever been previously sued, or that any verdict had been rendered against him as acceptor.

Pleadings. Negotiable instruments. Before Judge UNDERWOOD. Floyd Superior Court. January Adjourned Term, 1877.

Reported in the opinion.

WRIGHT & FEATHERSTON; J. W. EWING, for plaintiff in error.

DABNEY & FOUCHE, for defendants.

WARNER, Chief Justice.

This was an action brought by the plaintiffs against the defendant as acceptor of two bills of exchange, drawn upon him in favor of the plaintiffs, one for the sum of $1,-642.77, the other for the sum of $650.00, and both dated 8th July, 1875, payable thirty days after date. The defendant pleaded to the plaintiffs' suit "that he was a member of the firm of S. P. Smith, Son & Brother; that said firm was composed of S. P. Smith, H. H. Smith and Greenville Smith, all of said county; that the plaintiffs have sued this defendant with the other members of said firm of said S. P. Smith, Son & Brother, on the same drafts sued on in this case, said

suit having been instituted prior to the commencement of this suit on the 16th of September, 18ı5, and the same is still pending in this court ; therefore he pleads said former suit in abatement of this suit." This plea was filed on the 18th of April, 1877. The plaintiffs' action was commenced on the 16th of September, 1875, and made returnable to the court on the first Monday in January, 1876. On the same day the plea in abatement was filed, to-wit: on the 18th of April, 1877, the defendant amended that plea and alleged "that since the filing of the same the plaintiffs have obtained a verdict of the jury in said former suit for the full amount of the principal, interest and cost therein sued for, said verdict being rendered·on the 18th of April, 1877, and this defendant pleads said verdict in bar of this suit." At the trial term of the case, to-wit: on the 18th of April, 1877, the same day on which the plea in abatement, and the amendment thereto were filed, the court, on motion of the plaintiffs, ordered the defendant's plea to be stricken, and a verdict was taken for the plaintiffs, whereupon the defendant excepted. There was no error in striking the defendant's plea as amended. If the plea in abatement, of which the amended plea was a part thereof, had been filed in time, still the amended plea was defective, inasmuch as it did not allege in what character the defendant was sued in the former suit, upon the drafts, in which the verdict was rendered against him, whether as one of the drawers of the drafts, or as the acceptor thereof. According to the face of the drafts and the allegations in the defendant's plea, he was one of the drawers thereof as well as acceptor. The present suit is against him as acceptor of the drafts, and there is no allegation in the defendant's plea that the drafts have ever been paid by either the drawers or the acceptor, or that any verdict has ever been rendered against him in any former suit as acceptor of the drafts.

Let the judgment of the court below be affirmed.